UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
STEVEN THOMAS HAWK,         :       CASE NO. 1:12-CV-00326
                                              :
          Plaintiff,              :
                                              :
vs.                                           :       OPINION & ORDER
                                              :       [Resolving Doc. No. 1]
RICHLAND COUNTY JAIL, et al.,  :
                                              :
          Defendants.            :
                                              :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Steven Thomas Hawk filed this action under 42 U.S.C. § 1983 against the Richland County Jail, and the Richland County Sheriff's Department. In the Complaint, Plaintiff alleges he was temporarily locked in a cell that was not his own. He seeks monetary damages.

## I. Background

Plaintiff, an inmate at the Richland County Jail, contends he was visiting another inmate in a neighboring cell when the door closed and locked for the evening. He alleges this occurred earlier than was standard for the general evening lockdown procedures. He pressed the emergency call box in the cell but did not receive a response. Officers walking by the cell ignored his plea for release. Plaintiff spent the night in the cell, and was required to sleep on the floor. He contends he awoke with pain, stiffness and numbness in his neck, arms, legs, and back. Plaintiff was released 7 hours after he was locked in the cell for the evening.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

As an initial matter, Plaintiff does not specify the legal claim or claims he is attempting to assert in this action. He provides a short narrative of facts and then requests damages. Based on the limited allegations in the Complaint, it is possible that Plaintiff may be attempting to

assert a claim for cruel and unusual punishment.

An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Although the Eighth Amendment's protections apply specifically to post-conviction inmates, *see Barber v. City of Salem, Ohio*, 953 F.2d 232, 235 (6th Cir.1992), the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well. *Thompson v. County of Medina, Ohio*, 29 F.3d 238, 242 (6th Cir.1994); *see also Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988) (stating that alleged violation of pretrial detainee's Eighth and Fourteenth Amendment rights is governed by the "deliberate indifference" standard).

The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the

objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to satisfy either the objective or subjective standard of an Eighth Amendment claim. First, he has not alleged a sufficiently serious deprivation. The Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation). It is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Moreover, "not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir.1987). Here, Plaintiff was locked in a neighboring cell for the night without bedding. This appears to have been an isolated incident which temporarily left Plaintiff in an uncomfortable environment. This is not the type of deprivation contemplated by the Eighth Amendment.

In addition, Plaintiff has not alleged facts to support a violation of the subjective element of his claim. Neither the County Jail nor the Richland County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983. *Petty v. County of Franklin, Ohio*, 478 F.3d 341 (6th Cir.2007); *Brett v. Wallace*, 107 F.Supp.2d 949 (S.D.Ohio 2000) ("[T]he Sheriff's Office is not a proper legal entity and, therefore, is not subject to suit or liability under 42 U.S.C. § 1983."); *Rhodes v. McDannel*, 945 F.2d 117 (6th Cir.1991) ("The Sheriff's Department is not a legal entity subject to suit."); *Elkins v. Summit County, Ohio*, 2008 WL 622038 (N.D.Ohio March 5, 2008) (In an action for a § 1983 violation and related state law violations, the court recognized that administrative units of a local government, such as a

municipal police department, are not sui juris because they cannot be sued absent positive statutory authority and Ohio does not have such a law.) The County Jail and the Sheriff's Department are merely administrative arms of the Richland County. The claims against these two Defendants are therefore construed against Richland County.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Department of Soc. Servs*., 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). There is no suggestion in the Complaint that Plaintiff was temporarily locked in a neighboring cell pursuant to a policy or custom of Richland County. Accordingly, Plaintiff has not satisfied the subjective element of his Eighth Amendment claim.

Finally, to the extent Plaintiff intended to assert a claim other than one under the Eighth Amendment, he has failed to do so. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up

questions never squarely presented to them or to construct full blown claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, Plaintiff's failure to identify a particular legal theory in his Complaint places an unfair burden on the Defendants to speculate on the potential claims that Plaintiff may be raising against them and the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d at 594. Even liberally construed, the Complaint does not sufficiently state a viable federal claim upon which Plaintiff bases his § 1983 action.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

Dated: July 9, 2012　　　　　　　　　　　　*s/       James S. Gwin*
　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.